THOMAS E. PEREZ
Assistant Attorney General
LORETTA KING
Acting Chief
ESTHER G. LANDER
Deputy Chief
ELIZABETH B. BANASZAK
Trial Attorney
United States Department of Justice
Civil Rights Division
Employment Litigation Section
950 Pennsylvania Ave, NW
Patrick Henry Building, Room 4035
Washington, DC 20530
Telephone:  (202) 305-4071
Facsimile:  (202) 514-1005
Email:  elizabeth.banaszak@usdoj.gov

KAREN L. LOEFFLER
United States Attorney
RICHARD L. POMEROY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska 99513-7567
Telephone: (907) 271-5071
Facsimile: (907) 271-2344
E-mail: richard.pomeroy@usdoj.gov

Attorneys for the Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JONATHON L. GOODWIN,<br> Plaintiff,<br><br>v.<br><br>AIR METHODS CORPORATION<br> and<br>LIFEMED ALASKA, LLC,<br> Defendants. | Civil Action No. _____<br><br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Jonathon L. Goodwin ("Goodwin"), by the undersigned attorneys, makes the following averments:

1.     This civil action is brought pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301 – 4335 ("USERRA").

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over the subject matter of this action pursuant to 38 U.S.C. § 4323(b)(3).

3.     Venue is proper under 38 U.S.C. § 4323(c)(2) and 28 U.S.C. §§ 1391(b). Defendants LifeMed Alaska, LLC ("LifeMed") and Air Methods Corp. ("Air Methods") are both private employers that maintain a place of business in this judicial district.  Additionally, a substantial part of the events giving rise to this action occurred in this judicial district.

## PARTIES

4.     Goodwin resides in Wasilla, Alaska, which is within the jurisdiction of this Court.

5.     LifeMed is an Alaska corporation based in Anchorage, Alaska that provides emergency medical transportation services throughout the state of Alaska.

6.     Air Methods is a Delaware corporation with its principal place of business in Colorado, which provides pilots and helicopters for emergency medical transportation services throughout the United States.  Pursuant to a contract between the defendants, Air Methods provides helicopters and pilots for LifeMed's operations in Alaska.

7.     LifeMed and Air Methods are both employers within the meaning of 38 U.S.C. § 4303(4)(A).

## CLAIM FOR RELIEF

8.     From July 31, 1991, to the present, Goodwin has served in the Army National Guard ("National Guard"). Goodwin's honorable service has included work as a fixed wing aircraft pilot and a helicopter pilot. Goodwin holds the rank of Chief Warrant Officer Third Class.

9.     Air Methods employs helicopter pilots that are placed in contract positions with companies that operate emergency medical transportation services throughout the United States.

10.    Goodwin began working for Air Methods in October 2006 as a helicopter pilot. During his employment with Air Methods, Goodwin was first assigned to a contract in Reno, Nevada and later to a contract in Eugene, Oregon.

11.    Goodwin was called upon for a nine month period of active military duty, including a period of deployment to Iraq, beginning on October 29, 2008.

12.    Goodwin provided Air Methods with advance notice of his military service and remained an employee of Air Methods during his active military duty.

13.    In December 2008, while Goodwin was on military leave, Air Methods and LifeMed entered into a contract, whereby Air Methods agreed to provide two helicopters and eight helicopter pilots for use by LifeMed for emergency medical transportation operations in Alaska. The helicopter pilots were to be based in Wasilla, Alaska and Soldotna, Alaska.

14.    On April 26, 2009, Goodwin contacted Bill Moody, Recruiting Manager for Air Methods, to inform Air Methods that he would be returning from active military duty in a few months and to request to be assigned to one of the LifeMed contract helicopter pilot positions in Alaska upon his return.

15.     On May 15 and 16, 2009, Moody advised Goodwin that there was a position available with the LifeMed contract in Soldotna, Alaska and that LifeMed would like to meet with Goodwin as soon as he was available to do so.  Goodwin understood that the meeting was a mere formality and that Goodwin would be assigned to the LifeMed contract in Soldotna.

16.     Upon arriving in Alaska in mid-July 2009, Goodwin learned for the first time that the LifeMed contract also included helicopter pilot positions based in Wasilla, Alaska.  Had Goodwin not been activated by the National Guard at the time the contract was created, Goodwin would have successfully bid for placement on the LifeMed contract as a helicopter pilot based in Wasilla.   In fact, due to Goodwin's seniority with Air Methods, he would have been the lead pilot in Wasilla.

17.     Goodwin contacted Air Methods three times between July 21 and July 28, 2009 to request that he be assigned to one of the LifeMed contract positions based out of Wasilla.  In these communications, Goodwin specifically referenced his USERRA rights and stated he believed that the Wasilla position was his proper reemployment position.

18.     Goodwin received no response from Air Methods regarding his request to be assigned to a position based in Wasilla.

19.     Goodwin proceeded with the meeting regarding assignment to the Soldotna position and scheduled the meeting for July 27, 2009 with Brooks Wall, Director of Operations for LifeMed.

20.     During the July 27, 2009 meeting, Wall expressed reservations about Goodwin's membership in the National Guard and his recent deployment; including inquiring about his likelihood of future deployments; asking when Goodwin planned to retire from the National

Guard; and implying that Goodwin would need to choose between his military and civilian careers.

21.     On July 28, 2009, Wall notified Air Methods that LifeMed was rejecting Goodwin for the Soldotna contract position with LifeMed because Wall felt that Goodwin "needs some down time to get his feet back under him" following Goodwin's recent deployment to Iraq, and that "it is best for John [sic] and us that he not work here until he is better adjusted."

22.     In refusing to accept Goodwin for the Soldotna contract position, LifeMed exercised control over Goodwin's employment opportunities.

23.     On July 29, 2009, Air Methods notified Goodwin that Air Methods would not be assigning Goodwin to the LifeMed contract because of Goodwin's meeting with Wall. Pursuant to the terms of the contract between Air Methods and LifeMed, however, Air Methods had the authority to assign Goodwin to the contract position without LifeMed's approval. Air Methods did not exercise that authority.

24.     Air Methods violated Section 4313 of USERRA, 38 U.S.C. § 4313, by refusing to reemploy Goodwin in the lead helicopter pilot contract position based in Wasilla, Alaska or in a position of comparable seniority, status and pay. Air Methods also violated Section 4311 of USERRA, 38 U.S.C. § 4311, by knowingly ratifying and effectuating LifeMed's refusal to accept Goodwin in a position of employment because of his membership in the uniformed services, past service in the uniformed services, and/or future service obligations.

25.     LifeMed violated Section 4311 of USERRA, 38 U.S.C. § 4311, by refusing to accept Goodwin for placement in the contract position based in Soldotna, Alaska because of his membership in the uniformed services, past service in the uniformed services, and/or future service obligations.

26.     Both Air Methods' and LifeMed's violations of USERRA were willful.

27.     Goodwin has suffered substantial loss of earnings and other benefits of employment as a result of LifeMed's and Air Methods' violations of USERRA.

## PRAYER FOR RELIEF

WHEREFORE, Goodwin prays that the Court enter judgment against Air Methods and LifeMed and, further, that the court:

28.     Declare that Air Methods' refusal to reemploy Goodwin on the LifeMed contract in the lead helicopter pilot position based in Wasilla, Alaska, or in a position of comparable seniority, status and pay, was unlawful and in violation of USERRA.

29.     Declare that Air Methods' and LifeMed's refusal to assign Goodwin to the LifeMed contract in the helicopter pilot position based in Soldotna, Alaska was unlawful and in violation of USERRA;

30.     Order Air Methods and LifeMed to fully comply with the provisions of USERRA and offer to employ Goodwin and place Goodwin in the LifeMed contract lead helicopter pilot position in Wasilla, or in a position of comparable seniority, status and pay, along with all of the emoluments of employment Goodwin would have attained had he remained employed continuously with Air Methods until the present, including during the time of his military service;

31.     Order Air Methods and LifeMed to pay Goodwin for lost wages and benefits suffered by reason of Air Methods' and LifeMed's violations of USERRA;

32.     Declare that Air Methods' and LifeMed's violations of USERRA were willful;

33.     Order that Air Methods and LifeMed pay Goodwin as liquidated damages an amount equal to the amount of his lost wages and benefits suffered by reason of Air Methods' and LifeMed's willful violations of USERRA;

34.     Award prejudgment interest on the amount of lost wages and benefits found due;

35.     Enjoin Air Methods and LifeMed from taking any action with respect to Goodwin that fails to comply with the provisions of USERRA; and

36.     Grant such other and further relief as may be just and proper together with the costs and disbursements of this lawsuit.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury.

Respectfully submitted,

DATE:  April 7, 2011        THOMAS E. PEREZ
                            Assistant Attorney General
                            LORETTA KING
                            Acting Chief
                            Civil Rights Division

By:     /s/  Esther G. Lander
        _____
        ESTHER G. LANDER (DC Bar No. 461316)
        Deputy Chief

        /s/  Elizabeth B. Banaszak
        _____
        ELIZABETH B. BANASZAK (IL Bar No. 6299035)
        Trial Attorney
        United States Department of Justice
        Civil Rights Division
        Employment Litigation Section
        950 Pennsylvania Ave, NW
        Patrick Henry Building, Room 4035
        Washington, DC 20530
        Telephone:  (202) 305-4071
        Facsimile:  (202) 514-1005
        Email:  elizabeth.banaszak@usdoj.gov

KAREN L. LOEFFLER
United States Attorney

 /s/  Richard L. Pomeroy
RICHARD L. POMEROY (AK Bar No. 8906031)
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska 99513-7567
Telephone: (907) 271-5071
Facsimile: (907) 271-2344
E-mail: richard.pomeroy@usdoj.gov

*Attorneys for the Plaintiff*