Jennifer C. Alexander, ABA #9511058
Birch Horton Bittner & Cherot
1127 West Seventh Avenue
Anchorage, AK 99501
Telephone: 907.276.1550
Facsimile: 907.276.3680

Attorneys for Defendant LIFEMED ALASKA, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JONATHON L. GOODWIN,<br><br>    Plaintiff,<br><br>  vs.<br><br>AIR METHODS CORPORATION and LIFEMED ALASKA, LLC,<br><br>    Defendant. | Case No.: 3:11-CV-00067-HRH |

## ANSWER OF LIFEMED ALASKA, LLC

COMES NOW defendant, LIFEMED ALASKA, LLC. (hereinafter "LifeMed") by and through its attorneys, Birch Horton Bittner & Cherot, and answers Plaintiff's Complaint as follows:

## COMPLAINT

1. Defendant LifeMed admits that Plaintiff seeks to invoke the Uniform Services Employment and Re-Employment Rights Act ("USERRA"), but denies that it has violated such statute and denies that Plaintiff is therefore entitled to relief.

GOODWIN V. AIR METHODS & LIFEMED
ANSWER
F:\506790\9\00191433.DOCX

CASE NO. 3:11-CV-00067-HRH
PAGE 1 OF 7

Case 3:11-cv-00067-SLG   Document 10   Filed 06/07/11   Page 1 of 7

## JURISDICTION AND VENUE

2. Admitted.

3. Admitted.

## PARTIES

4. Defendant LifeMed is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4, and on that basis denies same.

5. Admitted.

6. Defendant LifeMed admits that at all relevant times Air Methods had a contract to provide helicopter and pilots to LifeMed. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 6, and on that basis denies same.

7. Defendant LifeMed denies it is an employer within the meaning of 38 U.S.C. § 4303(4)(A). Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 7, and on that basis denies same.

## CLAIM FOR RELIEF

8. Defendant LifeMed is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 8, and on that basis denies same.

9. Defendant LifeMed is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 9, and on that basis denies same.

10. Defendant LifeMed is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10, and on that basis denies same.

11. Defendant LifeMed is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 11, and on that basis denies same.

12. Defendant LifeMed is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 12, and on that basis denies same.

13. Defendant LifeMed admits that LifeMed and Air Methods contracted for Air Methods to provide two helicopters and eight helicopter pilots for use by LifeMed for emergency medical transportation operations in Alaska and that in accordance with that contract, helicopters and pilots may be based at Wasilla and Soldotna, Alaska, or other sites within Alaska. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 13, and on that basis denies same.

14. Defendant LifeMed is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14, and on that basis denies same.

15. Defendant LifeMed is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 15, and on that basis denies same.

BIRCH HORTON BITTNER & CHEROT
ATTORNEYS AT LAW
1127 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA 99501-3301
TELEPHONE (907) 276-1550 • FACSIMILE (907) 276-3680

16. Defendant LifeMed is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 16, and on that basis denies same.

17. Defendant LifeMed is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17, and on that basis denies same.

18. Defendant LifeMed is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 18, and on that basis denies same.

19. Defendant LifeMed admits that a meeting was scheduled between Plaintiff and Brooks Wall, Director of Operations, on or about July 27, 2009. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 19, and on that basis denies same.

20. Defendant LifeMed admits that Plaintiff and Mr. Wall discussed Plaintiff's military service; the remaining allegations of paragraph 20 are denied.

21. Defendant LifeMed admits that on July 28, 2009, it indicated that based upon the sum of the interview it did not view Plaintiff as a good fit with LifeMed. Defendant LifeMed denies that it "rejected" Plaintiff, and states that it does not have the contractual authority to reject an assignment of a pilot under its contract with Air Methods.

22. Defendant LifeMed denies the allegations of paragraph 22.

BIRCH HORTON BITTNER & CHEROT
ATTORNEYS AT LAW
1127 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA 99501-3301
TELEPHONE (907) 276-1550 • FACSIMILE (907) 276-3680

GOODWIN V. AIR METHODS & LIFEMED
ANSWER
F:\506790\9\00191433.DOCX
CASE NO. 3:11-CV-00067-HRH
PAGE 4 OF 7

Case 3:11-cv-00067-SLG   Document 10   Filed 06/07/11   Page 4 of 7

23. Defendant LifeMed admits that pursuant to the terms of the contract between Air Methods and LifeMed, Air Methods had the authority to assign Plaintiff to a position with LifeMed's approval and that Air Methods did not seek to do so. LifeMed is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 23, and on that basis denies same.

24. Defendant LifeMed is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 24, and on that basis denies same.

25. Defendant LifeMed denies that allegations of paragraph 25.

26. Defendant LifeMed denies that it violated USERRA or that any violation was willful. LifeMed is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 26, and on that basis denies same.

27. Defendant LifeMed is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 27, and on that basis denies same.

## PRAYER FOR RELIEF

In response to paragraphs number 28 through 36, no answer is required to Plaintiff's Prayer for Relief. To the extent that an answer is required, Defendant LifeMed denies that it engaged in any unlawful conduct or that Plaintiff is entitled to the relief requested.

GOODWIN V. AIR METHODS & LIFEMED
ANSWER
F:\506790\9\00191433.DOCX
CASE NO. 3:11-CV-00067-HRH
PAGE 5 OF 7

Case 3:11-cv-00067-SLG   Document 10   Filed 06/07/11   Page 5 of 7

## **AFFIRMATIVE DEFENSES**

1.	Defendant LifeMed is not an "employer" within the meaning of 38 U.S.C. § 4303(4)(A).

2.	Plaintiff's claims are barred to the extent he has failed to adequately mitigate his damages.

3.	Any damages incurred by Plaintiff were the result of his own conduct.

4.	Defendant LifeMed's recommendation regarding employment would have been made in absence of Plaintiff's membership and service in the military.

5.	Plaintiff's USERRA claims are barred by the "common actor" doctrine.

6.	Plaintiff is not entitled to any liquidated damages under USERRA because Defendant LifeMed did not act in willful violation of the statute.

7.	Pending further discovery, Plaintiff's claims may be barred in whole or part by the defenses set forth in Federal Rule of Civil Procedure 12(b).

8.	Defendant LifeMed reserves the right to assert any additional affirmative defenses to which it may be entitled and of which it may become aware during the course of its defense of this matter.

WHEREFORE, LifeMed Alaska, LLC, hereby requests that Plaintiff's Complaint be dismissed with prejudice, and that LifeMed Alaska, LLC be awarded its costs and attorneys' fees and such other relief as the Court shall deem just and equitable under the circumstances.

DATED this 7th day of June, 2011.

        BIRCH HORTON BITTNER & CHEROT
        Attorneys for Defendant LIFEMED ALASKA, LLC

By:   /s/ Jennifer C. Alexander
      Jennifer C. Alexander, ABA #9511058
      1127 West Seventh Avenue
      Anchorage, AK 99501
      Telephone:   907.276.1550
      Facsimile:   907.276.3680
      Email:   jalexander@bhb.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 7th day of June, 2011, a true and correct copy of the foregoing was served on the following in the manner indicated:

Elizabeth B. Banaszak
Elizabeth.banaszak@usdoj.gov

Richard L. Pomeroy
Richard.pomeroy@usdoj.gov

BIRCH HORTON BITTNER & CHEROT

By:   /s/ Jennifer C. Alexander

GOODWIN V. AIR METHODS & LIFEMED     CASE NO. 3:11-CV-00067-HRH
ANSWER     PAGE 7 OF 7
F:\506790\9\00191433.DOCX

Case 3:11-cv-00067-SLG   Document 10   Filed 06/07/11   Page 7 of 7