# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JONATHON L. GOODWIN,<br><br>      Plaintiff,<br><br>v.<br><br>AIR METHODS CORPORATION and LIFEMED ALASKA, LLC,<br><br>      Defendants. | Case No: 3:11-cv-00067-SLG |

## COURT APPROVED SETTLEMENT AGREEMENT

This matter is before the Court for entry of this Settlement Agreement ("Agreement") by consent of the parties to effectuate a compromise and settlement of all claims. After review and consideration, the Court believes the entry of this Agreement is in the interests of justice.

    1.    Plaintiff Jonathon L. Goodwin ("Goodwin") commenced the above-captioned action in the United States District Court for the District of Alaska alleging that Defendants Air Methods Corporation ("Air Methods") and LifeMed Alaska, LLC ("LifeMed") violated the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA").

    2.    Air Methods and LifeMed deny that they violated USERRA.

    3.    Goodwin, Air Methods, and LifeMed (collectively referred to as "the parties") have agreed to resolve this action by the entry of this Agreement. It is the

intent of the parties that this Agreement be a final and binding disposition of all claims alleged in this case.

## STIPULATIONS

4. The parties acknowledge the jurisdiction of the United States District Court for the District of Alaska over the subject matter of this action and the parties to this case for the purposes of entering this Agreement and, if necessary, enforcing this Agreement.

5. Venue is proper in this district for purposes of this Agreement and any proceedings related to this Agreement. Air Methods and LifeMed agree that all statutory conditions precedent to the institution of this lawsuit have been fulfilled.

6. Goodwin voluntarily withdraws with prejudice his claim in Paragraph 24 of the Complaint in this action that Air Methods violated Section 4313 of USERRA by failing to offer Goodwin a proper reemployment position.

## FINDINGS

7. Having examined the terms and provisions of the Agreement, the Court finds the following:

    a. The Court has jurisdiction over the subject matter of the action and the parties to this action.

    b. The terms and provisions of this Agreement are fair, reasonable, and just. The rights of the parties are protected adequately by this Agreement.

    c. This Agreement conforms with the Federal Rules of Civil Procedure and USERRA, and is not in derogation of the rights and privileges of any person. The

Goodwin v. Air Methods Corp. and LifeMed Alaska, LLC
Court Approved Settlement Agreement     Page 2
3:11-cv-00067-SLG
Case 3:11-cv-00067-SLG   Document 28   Filed 04/18/12   Page 2 of 11

entry of this Agreement will further the objectives of the USERRA and other applicable laws and will be in the best interest of the parties.

THEREFORE, IT IS ORDERED AS FOLLOWS:

### NON-ADMISSION

8. This Agreement is entered with the consent of the parties and does not constitute an adjudication or finding on the merits of the case. This Agreement is not to be construed as an admission by Air Methods or LifeMed of any violations of USERRA, or any other law, rule or regulation.

### NON-RETALIATION

9. Air Methods and/or LifeMed shall not take any action against Goodwin which constitutes retaliation or interference with the exercise of his rights under USERRA, nor shall Air Methods and/or Life Med retaliate against any individual because such person gave testimony or assistance or participated in any manner in any investigation or proceeding in connection with this case.

### DISMISSAL OF SECTION 4313 CLAIM

10. Goodwin's claim in Paragraph 24 of the Complaint in this action, alleging that Air Methods violated Section 4313 of USERRA by failing to offer Goodwin a proper reemployment position, is dismissed with prejudice.

11. The remedial requirements set forth below are to resolve Goodwin's claim in Paragraphs 24 and 25 of the Complaint in this action that Air Methods and LifeMed violated Section 4311 of USERRA by failing to place Goodwin in a Pilot position based in Soldotna, Alaska because of his membership in the uniformed services.

Goodwin v. Air Methods Corp. and LifeMed Alaska, LLC
Court Approved Settlement Agreement    Page 3
3:11-cv-00067-SLG
Case 3:11-cv-00067-SLG   Document 28   Filed 04/18/12   Page 3 of 11

## REMEDIAL REQUIREMENTS

12. Upon the Court's entry of this Agreement, Air Methods shall promptly reemploy Goodwin as a Pilot under the terms and conditions described below. Air Methods shall restore Goodwin's previous company and bidding seniority date and shall, for all purposes under the collective bargaining agreement applicable to Goodwin's employment (the "Collective Bargaining Agreement") for which a seniority date is used, consider Goodwin to have been employed continuously by Air Methods from October 9, 2006 through the date of his reemployment. Air Methods shall credit Goodwin with one year's accrual of vacation and sick leave. Air Methods shall place Goodwin on an unpaid personal leave of absence, subject to the additional terms of this Agreement, for up to twenty-four months from the date of the Court's entry of this Agreement. Goodwin will not accrue vacation or sick leave while on this unpaid personal leave of absence.

13. Air Methods shall offer Goodwin the first available Pilot position based in Wolf Lake, Alaska on the contract between Air Methods and LifeMed, if such a position becomes available within twelve months following the Court's entry of this Agreement. If Goodwin is offered a Wolf Lake Pilot position, he must accept the position and report to work within thirty (30) days after receipt of the offer, or upon another date mutually agreed to in writing by Goodwin and Air Methods. This thirty (30) day time limitation is subject to Paragraph 22 below. If Goodwin does not accept the assignment or does not timely report for the position, Air Methods shall have no further obligation to employ Goodwin under this Agreement and may terminate his employment in accordance with the Collective Bargaining Agreement.

Goodwin v. Air Methods Corp. and LifeMed Alaska, LLC
Court Approved Settlement Agreement                                        Page 4
3:11-cv-00067-SLG
Case 3:11-cv-00067-SLG   Document 28   Filed 04/18/12   Page 4 of 11

14. If Air Methods' operations at the Wolf Lake base cease within the twelve months immediately following the Court's entry of this Agreement, and Goodwin is not at that time assigned to any Pilot or Relief Pilot position by Air Methods, Paragraphs 20 and 21 of this Agreement shall apply.

15. Twelve months after the Court's entry of this Agreement, if no Pilot position has become available in Wolf Lake, Alaska, Air Methods shall offer Goodwin a Program Relief Pilot position based in Wolf Lake, Alaska and subject to assignment to Soldotna, Alaska ("the Program Relief Pilot Position"). Goodwin must accept the Program Relief Pilot Position and report to work within thirty (30) days after receipt of the offer, or upon another date mutually agreed to in writing by Goodwin and Air Methods. This thirty (30) day time limitation is subject to Paragraph 22 below. If Goodwin does not accept the assignment or does not timely report for the Program Relief Pilot position, Air Methods shall have no further obligation to employ Goodwin in a position based in Alaska, except as provided in Paragraphs 20 and 21 of this Agreement, and Air Methods may terminate Goodwin's employment in accordance with the Collective Bargaining Agreement..

16. If a Pilot position becomes available based in Wolf Lake while Goodwin is assigned to the Program Relief Pilot position or while an open offer is pending with Goodwin for the Program Relief Pilot position, Air Methods shall offer Goodwin the Wolf Lake Pilot position. If Air Methods has offered Goodwin a position based in Wolf Lake, it need not continue to hold open an offer for the Program Relief Pilot position. If Goodwin is offered a Wolf Lake Pilot position, he must accept the position and report to work upon a date mutually agreed to in writing by Goodwin and Air Methods, subject to

Paragraph 22 below. If Goodwin does not accept the assignment or does not timely report for the position, Air Methods shall have no further obligation to employ Goodwin and may terminate his employment in accordance with the Collective Bargaining Agreement..

17. If Air Methods' operations at the Wolf Lake base cease while Goodwin is assigned to the Program Relief Pilot Position, Air Methods shall treat Goodwin in the same manner as its Pilots based in Wolf Lake, in accordance with the terms and conditions of the Collective Bargaining Agreement.

18. Provided that (a) Air Methods continues its operations in Wolf Lake and Soldotna, (b) no Pilot position has become available based in Wolf Lake, and (c) Goodwin continues to work in the Program Relief Pilot Position or has an open offer for the Program Relief Pilot position, Air Methods shall maintain the Program Relief Pilot Position until at least the date twenty-four (24) months after the Court enters this Agreement. Thereafter, Air Methods has discretion to determine whether to continue the Program Relief Pilot Position. If Air Methods eliminates the Program Relief Pilot Position while Goodwin is assigned to the Position, Air Methods shall treat Goodwin in the same manner as it would treat a Wolf Lake Pilot whose position has been eliminated, in accordance with the terms and conditions of the Collective Bargaining Agreement.

19. LifeMed shall not object to or obstruct Air Methods' placement of Goodwin in a Pilot or Program Relief Pilot position on the contract between Air Methods and LifeMed.

Goodwin v. Air Methods Corp. and LifeMed Alaska, LLC
Court Approved Settlement Agreement    Page 6
3:11-cv-00067-SLG
Case 3:11-cv-00067-SLG   Document 28   Filed 04/18/12   Page 6 of 11

20. For the twenty four months immediately following the Court's entry of this Agreement, Goodwin may apply for any position on Air Methods' Open Position List. His employment in any position from the Open Position List application will be subject to any contractual requirements, including, as applicable, customer approval. If Goodwin applies for and accepts any position from the Open Position List, the terms of his continued employment will be governed solely by the Collective Bargaining Agreement.

21. If Goodwin has not been placed in any position within twenty-four months after the Court's entry of this Agreement, Air Methods may terminate Goodwin's unpaid personal leave of absence status and his employment with Air Methods. This twenty-four month time limitation is subject to Paragraph 22 below.

22. Goodwin shall advise Air Methods in writing if he is called upon for military service during the duration of this Agreement and, if requested in writing by Air Methods, shall provide Air Methods with a copy of his military orders or training schedule. If Goodwin is performing military service at the time that he is offered a position pursuant to Paragraph 13, 15, 16, and/or 20 above, and he is unable to begin work according to the timing provided in this Agreement because of such military service, he shall contact Air Methods within thirty days of his receipt of the offer to either reject the position or to express his continued interest in the position. If he has expressed interest in the position, Goodwin shall notify Air Methods within ten days of his release from military duty if he wishes to accept the position and shall report to work in accordance with the reemployment provisions of USERRA or 30 days after his release from military duty, whichever is greater. If a position offered to Goodwin under the terms of this Agreement ceases to exist while Goodwin is on military service (e.g.

Goodwin v. Air Methods Corp. and LifeMed Alaska, LLC
Court Approved Settlement Agreement            Page 7
3:11-cv-00067-SLG
Case 3:11-cv-00067-SLG   Document 28   Filed 04/18/12   Page 7 of 11

Air Methods exercises its discretion under Paragraph 18 to eliminate the Program Relief Pilot Position or Air Methods' operations at the Wolf Lake base or in Alaska generally cease), Air Methods shall treat Goodwin in the same manner as its Pilots based in Wolf Lake (or, for a position offered pursuant to Paragraph 20, the applicable base) whose positions have been eliminated, in accordance with the terms and conditions of the Collective Bargaining Agreement and in accordance with USERRA. If Goodwin is performing military service at the time his twenty-four months of unpaid personal leave of absence expires pursuant to Paragraph 21, his unpaid personal leave shall be extended until thirty days after Goodwin's release from military service. Air Methods shall not decline to offer Goodwin an employment position it is otherwise required to offer him under this Agreement due to Goodwin's military service obligations.

23. Except as provided above, Goodwin's terms and conditions of employment with Air Methods shall be governed by the relevant Collective Bargaining Agreement and Goodwin shall have the same rights and responsibilities as other Pilots or Program Relief Pilots, as the case may be, employed by Air Methods.

24. Air Methods shall provide Goodwin with monetary compensation, the amount and terms of which are set forth in a Private Letter of Agreement executed by Goodwin and Air Methods.

**RELEASE OF CLAIMS**

25. For and in consideration of the relief being provided to him as described in Paragraphs 12 through 24 of this Agreement, Goodwin forever releases and discharges Air Methods, LifeMed, and all current, former and future agents, employees, officials, designees, predecessors, and successors in interest of Air Methods and/or LifeMed

Goodwin v. Air Methods Corp. and LifeMed Alaska, LLC
Court Approved Settlement Agreement                                    Page 8
3:11-cv-00067-SLG
Case 3:11-cv-00067-SLG   Document 28   Filed 04/18/12   Page 8 of 11

from all legal and equitable claims, arising from the facts alleged in this case, that have accrued prior to the Court's entry of this Agreement. This release and discharge of claims is subject only to Air Methods' and LifeMed's compliance with the terms of this Agreement.

**DISPUTE RESOLUTION AND COMPLIANCE**

26. This Court shall retain jurisdiction over this matter and will have all available equitable powers, including the power to impose injunctive relief, to enforce this Agreement. Upon motion of any party, the Court may schedule a hearing for the purpose of reviewing compliance with this Agreement. The parties shall engage in good faith efforts to resolve any dispute concerning compliance prior to seeking a resolution of such dispute by the Court. In the event of a dispute, the parties shall give notice to each other ten business days before moving for review by the Court. If ordered by the Court, the parties may conduct expedited discovery under the Federal Rules of Civil Procedure for the purpose of determining compliance with this Agreement or defending against a claim of non-compliance.

**MISCELLANEOUS**

27. Air Methods shall designate an individual to oversee Air Methods' compliance with the remedial requirements of this Agreement. Air Methods shall advise Goodwin, through his counsel, in writing of the name and contact information for its designee no later than ten days after the Court's entry of this Agreement. Goodwin may contact Air Methods' designee to make any inquiries regarding his rights pursuant to this Agreement, including the status of an offer of employment or to receive information

Goodwin v. Air Methods Corp. and LifeMed Alaska, LLC
Court Approved Settlement Agreement        Page 9
3:11-cv-00067-SLG
Case 3:11-cv-00067-SLG   Document 28   Filed 04/18/12   Page 9 of 11

regarding Air Methods' Open Position List. Air Methods may substitute a new designee upon written notice to Goodwin of the new designee's name and contact information.

28. For any provision of this Agreement under which Air Methods is required to provide Goodwin with written notification, Air Methods' designee shall contact Goodwin at the most recent address recorded in Air Methods' personnel records for Goodwin, by certified U.S. Mail with return receipt, and shall also send a copy of the correspondence to Goodwin by electronic mail at the most recent address recorded in Air Methods' personnel records for Goodwin.

29. Goodwin shall provide the contact information for the Air Methods' designee referenced in Paragraph 27 to any third party with an inquiry regarding Goodwin's employment with Air Methods. For all questions concerning Goodwin's employment status with Air Methods from March 2010 through his reinstatement pursuant to this Agreement, Air Methods' designee shall provide Goodwin's dates of employment and shall also state that "Air Methods and Mr. Goodwin were in a dispute over his employment rights which led to the suspension of Mr. Goodwin's employment with Air Methods. However, the matter was resolved and Air Methods reinstated Mr. Goodwin with a seniority date of October 9, 2006."

30. The parties shall bear their own costs and expenses, including attorney fees, for the remedial requirements stated above, and the Court awards no costs or attorneys' fees to any party.

31. If any provision of this Agreement is found to be unlawful, only the specific provision in question shall be affected and the other provisions shall remain in full force and effect.

Goodwin v. Air Methods Corp. and LifeMed Alaska, LLC
Court Approved Settlement Agreement                                      Page 10
3:11-cv-00067-SLG
Case 3:11-cv-00067-SLG   Document 28   Filed 04/18/12   Page 10 of 11

32. The terms of this Agreement are and shall be binding upon the heirs, successors, and assigns of Goodwin and upon the present and future owners, officers, directors, employees, agents, representatives, successors, and assigns of Air Methods and LifeMed.

33. This Agreement along with the Private Letter of Agreement referenced in Paragraph 24, above, constitute the entire agreement and commitments of the parties. Any modifications to this Agreement and the Private Letter of Agreement must be mutually agreed upon and memorialized in writing signed by all parties.

**EFFECTIVE DATE AND DURATION**

34. The effective date of this Agreement shall be the date upon which it is entered by the Court.

35. This Agreement shall expire without further order of this Court, twenty-four months after the entry of this Agreement by the Court. Goodwin may move, for good cause, to extend the Agreement if the remedial requirements set forth above has not been effectuated. Any such extension may be granted by the Court only for such time as is necessary to effectuate the terms set forth in this Agreement.

36. This action shall be dismissed with prejudice without further order of this Court upon the expiration of this Agreement.

ORDERED in Anchorage, Alaska, this 18th day of April, 2012.

/s/ Sharon L. Gleason
United States District Judge

Goodwin v. Air Methods Corp. and LifeMed Alaska, LLC
Court Approved Settlement Agreement  Page 11
3:11-cv-00067-SLG
Case 3:11-cv-00067-SLG   Document 28   Filed 04/18/12   Page 11 of 11